NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN FRANCISCO DEPAZ CASTRO,
AKA Juan De Paz, AKA Juan Depaz,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-73501

Agency No. A094-195-977

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District
Judge.

Juan De Paz Castro petitions for review of a decision of the Board of

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

Immigration Appeals ("BIA") dismissing an appeal from the order of an Immigration Judge ("IJ") denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. De Paz claims that he would be persecuted in El Salvador because of his membership in a proposed social group of "returning El Salvadorian citizens who will be persecuted by gang members because of their tattoos." The IJ concluded, however, that this group was not cognizable because, among other reasons, De Paz had not met his burden to establish that the group has "particularity" and is "socially distinct within El Salvadorian society." *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). The BIA did not err in finding the IJ's findings supported by the record. *See Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011).

2. Substantial evidence also supported the IJ's conclusion, which was adopted by the BIA, that De Paz did not establish it is more likely than not that he will be tortured if returned to El Salvador. *See* 8 C.F.R. § 1208.18(a)(1). Although De Paz speculated that gangs would torture him with the acquiescence of the Salvadoran police, neither his testimony nor the country conditions report compel that conclusion. S*ee Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED.**